## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

**LASERDYNAMICS USA, LLC,**
                 *Plaintiff,*

    **-v.-**

**CINRAM GROUP, INC.,**
                 *Defendant.*

**Civil Action No.
15-cv-01629 (RWS) (DCF)**


## DEFENDANT CINRAM GROUP, INC.'S  MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(e)

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................. 1

II.   STATEMENT OF FACTS ................................................................................... 3

III.  LASERDYNAMICS' COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS
      TO IDENTIFY ANY SPECIFIC ALLEGEDLY INFRINGING PRODUCT AND FAILS
      TO ALLEGE FACTS NECESSARY TO SUPPORT ITS CLAIMS OF INDUCED AND
      WILLFUL INFRINGEMENT ............................................................................ 4

  A.  Standard For Granting A Motion To Dismiss.................................................. 4

  B.  Laserdynamics Fails To Identify Any Specific Product Or Method Allegedly Infringing
      Its Claims....................................................................................................... 5

  C.  Laserdynamics' Allegations Of Induced Infringement Are Deficient ............ 8

  D.  Laserdynamics Did Not Adequately Plead Willful Infringement ................... 12

IV.   IN THE ALTERNATIVE, LASERDYNAMICS SHOULD PROVIDE A MORE
      DEFINITE STATEMENT BECAUSE ITS COMPLAINT IS VAGUE AND
      AMBIGUOUS ................................................................................................. 15

V.    CONCLUSION................................................................................................. 17

## Cases

*Adiscov, LLC v. Autonomy Corp., PLC,*
762 F.Supp.2d 826 (E.D. Va. 2011) ....................................................................... 6

*Aeritas, LLC v. Alaska Air Group, Inc.,*
893 F.Supp.2d 680 (D.Del. 2012)......................................................................... 13

*Agilent Techs., Inc. v. Micromuse, Inc.,*
04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723 (S.D.N.Y. October 19, 2004)............... 15

*Air Vent, Inc. v. Owens Corning Corp.,*
No. 10-cv-1699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) ............................. 10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)................................................................................ passim

*Bell Atlantic v. Twombly,*
550 U.S. 544 (2007)................................................................................ passim

*California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.,*
No. 10-cv-02042-CW, 2010 WL 3063132 (N.D. Cal. August 03, 2010)................................. 6

*Catheter Connections, Inc. v. Ivera Medical Corp.,*
No. 12-cv-00748-TC, 2012 WL 4341743 (D.Utah, September 21, 2012) ........................... 5, 7

*DSU Med. Corp. v. JMS Co.,*
471 F.3d 1293 (Fed. Cir. 2006) *(en banc)* ........................................................... 9, 10

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,*
609 F.Supp.2d 1090 (E.D. Cal. 2009)................................................................... 13

*eSoft, Inc. v. Astaro Corp.,*
06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336 (D. Colo. July 31, 2006)................ 15

*Global-Tech Appliances, Inc. v. SEB S.A.,*
131 S.Ct. 2060 (2011)...................................................................................... 9

*Gradient Enterprises, Inc. v. Skype Techn. S.A.,*
848 F. Supp. 2d 404 (W.D.N.Y. 2012). ................................................................. 2

*Grobler v. Sony Computer Entm't Am. LLC,*
No. 5:12-cv-1526, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013)................................. 11

*In re Bill of Lading Transmission and Processing Sys. Patent Litigation,*
681 F.3d 1323 (Fed. Cir. 2012).......................................................................... 8

*In re Papst Licensing GMBH & Co. KG Litigation*,
   602 F.Supp.2d 17 (D.D.C. 2009) ....................................................................... 6

*In re Pabst Licensing GmbH Patent Litigation*,
   MDL 1298, 2001 U.S. Dist. LEXIS 2255 (E.D. La. February 22, 2001) ................................. 15

*In re Seagate, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)..................................................................... 12, 13

*Intellectual Ventures I LLC v. Bank of Am. Corp.*,
   No. 3:13-cv-358, 2014 WL 868713 (W.D.N.C. Mar. 5, 2014) ............................................ 11

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ........................................................................... 9

*Laserdynamics, Inc. v. Quanta*,
   694 F.3d 51 (Fed. Cir. 2012)........................................................................... 3

*Lyda v. FremantleMedia North America, Inc.*,
   No. 10-cv-04773-DAB, 2011 WL 2898313 (S.D.N.Y. July 14, 2011 ....................................... 5

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F.Supp.2d 225 (D. Del. 2012) ................................................................. 12, 13

*Oakley, Inc. v. 5.11, Inc.*,
   No. 11-cv-2173-WQH-CAB, 2012 WL 1327796 (S.D. Cal. April 17, 2012)........................... 5

*Realtime Data, LLC v. Stanley*,
   721 F.Supp.2d 538 (E.D. Tex. 2010) .............................................................. 6, 14

*Regeneron Pharmaceuticals, Inc. v. Merus B.V.*,
   14-cv-1650 (KBF), 2014 WL 2795461 (S.D.N.Y. June 19, 2014).......................................... 7

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*,
   No. 14-cv-502, 2014 WL 3345618 (D.N.J. July 7, 2014) ............................................... 11

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012)........................................................................ 8

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
   No. 13-cv-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014)........................................... 11

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
   No. 12-cv-366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ........................................... 11

*Via Vadis, LLC v. Skype, Inc.*,
    No. 11-cv-00507, 2012 WL 261367 (D.Del. January 27, 2012) ................................ 5

*View Engineering, Inc. v. Robotic Vision Sys. Inc.*,
    208 F.3d 981 (Fed. Cir. 2000) ................................................................. 15

*Ziemba v. Incipio Technologies, Inc.*,
    No. 13-cv-5590-JLL, 2014 WL 4637006 (D.N.J. September 16, 2014) ................................ 5

**Statutes**
35 U.S.C §271(b) ...................................................................................... 9

**Other Authorities**
H. COMM. ON THE JUDICIARY, INNOVATION ACT, S. REP. NO. 120-20, at 2 (2015) ........................ 7

PATENT Act, S. 1137, 114th Cong. § 281 A (2015) ................................................ 8

**Rules**
Fed.R.Civ.P. 12(b)(6) ........................................................................... 1, 4, 5

Fed.R.Civ.P. 12(e) ................................................................................ 3, 14

Fed.R.Civ.P. 8 ......................................................................................... 7

Fed.R.Civ.P. 84 ........................................................................................ 7

Defendant, Cinram Group, Inc. ("Cinram"), by and through its attorneys, hereby files this Memorandum of Law in Support of Its Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), or in the Alternative, for a More Definite Statement Pursuant to Fed.R.Civ.P. 12(e).

## I.      INTRODUCTION

Laserdynamics USA, LLC ("Laserdynamics") — a non-practicing entity — filed this action against Defendant Cinram Group, Inc. ("Cinram") stating bare-boned legal conclusions rather than the necessary facts with regard to its claim of patent infringement. Laserdynamics fails to identify the most basic facts about its claim, namely, which of Cinram's products allegedly infringe, what Cinram allegedly did to induce infringement, or what Cinram acts allegedly are willful. Laserdynamics' failure to include the requisite supporting factual allegations violates the pleading requirements set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, the Complaint is so lacking in specifics that it is a good example of why the U.S. Supreme Court recently abrogated Form 18 for patent infringement complaints and Congress is moving to require much more factual detail when asserting patent claims.

Laserdynamics' Complaint makes a broad allegation that Cinram's "infringing products include, but are not limited to, at least dual-layer optical discs." This is too vague to provide notice about the identity of the allegedly infringing products or the patent claims asserted. There are many different types of optical discs, including different types of two-layer discs, and Cinram is at a loss to know what it is Laserdyamics contends infringes its patents or how to answer the Complaint absent a specific identification of the products or methods that Laserdynamics contends infringe. For example, it is impossible to determine whether Laserdynamics' infringement theories are directed to the way consumers use optical discs, the process of replicating optical discs, certain

components within the optical discs, players or optical disc drives that play optical discs, or computer systems that use optical discs. Under these circumstances, the allegations are insufficient as a matter of law and the Complaint should be dismissed.

Laserdynamics' assertions of indirect infringement are also fatally flawed for lack of factual allegations about the asserted direct infringement. Moreover, Laserdynamics' claim of indirect infringement should also be dismissed for failure to plead in any understandable manner Cinram's alleged inducement of another's infringement. Laserdynamics fails to plead concrete facts regarding how and what Cinram allegedly did to induce infringement of the patents-in-suit. Specifically, Laserdynamics fails to plead how Cinram's customers or third parties allegedly infringe the patents-in-suit and Cinram's alleged specific intent to induce those customers to infringe. Instead, Laserdynamics relies upon boilerplate generalities and legal conclusions to allege the existence of induced infringement by some unspecified "additional services" allegedly offered by Cinram and where end users "have used and continued to use, the dual-layer optical discs in" an unspecified allegedly "infringing manner." Laserdynamics' indirect infringement allegations fall short of the pleading standard imposed by this Court and should also be dismissed.

Because Laserdynamics has failed to state a claim for direct infringement, its claims for willful infringement must also fail. *See Gradient Enterprises, Inc. v. Skype Techn. S.A.*, 848 F. Supp. 2d 404, 409 (W.D.N.Y. 2012). In addition, Laserdynamics offers no facts to support its legal conclusion of alleged willful infringement, but instead, alleges that it "intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding." Laserdynamics cannot have it both ways. Either Laserdynamics has the facts to support a good faith belief that there is alleged willful infringement, which it failed to plead, or it has no plausible claim at this time.

Accordingly, the Court should dismiss Laserdynamics' claims of direct, indirect and/or willful infringement for failure to state a claim upon which relief can be granted. If the Court declines to dismiss Laserdynamics' claims of direct, indirect and willful infringement, the Court should require Laserdynamics to provide a more definite statement of facts to support its claims under Fed.R.Civ.P. 12(e).

## II. STATEMENT OF FACTS

Laserdynamics is a non-practicing shell entity with no known assets other than several patents, including, U.S. Patent Nos. 6,426,927 ("the '927 Patent") and 6,529,469 ("the '469 Patent") (collectively "patents-in-suit") assigned to it. The patents-in-suit were earlier owned by Laserdynamics, Inc.,[1] an entity that was exclusively in the business of licensing its patents. *Laserdynamics, Inc. v. Quanta,* 694 F.3d 51 (Fed. Cir. 2012).

On March 5, 2015, twelve years after the patents-in-suit issued, and even longer after optical discs comprising two layers were introduced to the market, Laserdynamics filed this patent infringement lawsuit against Cinram, and several separate actions in this Court against others, alleging infringement of the patents-in-suit by "products [that] include, but are not limited to, at least dual-layer optical discs." (Complaint, D.I.#1, ¶12).

---

[1] Laserdynamics, Inc. assigned the patent rights back to the named inventor, Mr. Yasuo Kamatani, who assigned them to Kamatani Technologies, LLC, which then assigned them to Laserdynamics.

**III. LASERDYNAMICS' COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO IDENTIFY ANY SPECIFIC ALLEGEDLY INFRINGING PRODUCT AND FAILS TO ALLEGE FACTS NECESSARY TO SUPPORT ITS CLAIMS OF INDUCED AND WILLFUL INFRINGEMENT**

**A.      Standard For Granting A Motion To Dismiss**

A complaint must include sufficient allegations **"to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."** *Bell Atlantic v. Twombly,* 550 U.S. 544, 545 (2007).  A complaint that fails to state a claim for relief may be dismissed. Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must take all factual allegations in the complaint as true, but **"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."** *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009).

In order to survive a motion to dismiss, a plaintiff must plead enough facts **"to state a claim to relief that is plausible on its face."** *Twombly*, 550 U.S. at 555.  **"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."** *Iqbal*, 556 U.S. at 678.  **"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."** *Id.*  Thus, the pleading standard **"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ."** *Twombly*, 550 U.S. at 555.  The plaintiff's **"[f]actual allegations must be enough to raise a right to relief beyond the speculative level."** *Id.*  A complaint is subject to dismissal unless the alleged facts push a claim **"across the line from conceivable to plausible."** *Twombly,* 550 U.S. at 570.

**B.** **Laserdynamics Fails To Identify Any Specific Product Or Method Allegedly Infringing Its Claims**

Laserdynamics' claim of infringement of "*at least* dual-layer optical discs" is insufficient to identify any specific product or method allegedly subject to its claims. Laserdynamics fails to plead any facts that inform Cinram what optical discs containing multiple layers of materials are "dual-layer optical discs" that allegedly infringe. Laserdynamics also does not state how Cinram purportedly infringes the method claims of the patents-in-suit. Moreover, the Complaint fails to inform what, if any, additional products also are alleged to infringe under the rubric "products [that] include, but are not limited to, at least dual-layer optical discs."

In order to state a claim for relief under Fed.R.Civ.P. 12(b)(6) for patent infringement, the Complaint should identify the specific types of multiple-layer optical discs that are the accused "dual-layer optical discs," or provide identifying details about the "dual-layer optical discs" that are accused. *See Lyda v. FremantleMedia North America, Inc.,* No. 10-cv-04773-DAB, 2011 WL 2898313 at *2-3 (S.D.N.Y. July 14, 2011 (granting motion to dismiss patent infringement claim under Fed.R.Civ.P. 12(b)(6) after finding "Plaintiff's allusions to an 'electronic voting' system or 'electrical systems' . . . too vague to identify the infringing device or method at issue."). *See also Ziemba v. Incipio Technologies, Inc.*, No. 13-cv-5590-JLL, 2014 WL 4637006 at * 3 (D.N.J. September 16, 2014) (granting motion to dismiss where plaintiff did not allege which particular "compartmentalized protective cases for electronic devices" products "are the subject of which theory of liability or how such products actually infringe any particular claims. . . ."); *Oakley, Inc. v. 5.11, Inc.*, No. 11-cv-2173-WQH-CAB, 2012 WL 1327796 at *3 (S.D. Cal. April 17, 2012) (granting motion to dismiss where plaintiff's "broad claims of infringing 'eyewear' are not pled with the specificity necessary to provide fair notice of its claims against Defendants, and fail to identify any specific products."); *Catheter Connections, Inc. v. Ivera Medical Corp.*, No. 12-cv-

00748-TC, 2012 WL 4341743, at * 1 (D.Utah, September 21, 2012) (granting motion to dismiss where the "complaint contain[ed] no identifying information such as the name or model number of the allegedly infringing device."); *Via Vadis, LLC v. Skype, Inc*., No. 11-cv-00507, 2012 WL 261367 at * 1 (D.Del. January 27, 2012) (granting motion to dismiss where "there are simply no factual allegations advising Defendants how or why their products infringe on Plaintiff's patents, specifying what actions Defendants took that would warrant a conclusion that the infringement was willful or intentional, or supporting the claims that Defendants induced others to infringe."); *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 543 (E.D. Tex. 2010) (dismissing patent infringement complaint where plaintiff made vague allegations to "data compression products and/or services"); *California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.,* No. 10-cv-02042-CW, 2010 WL 3063132 at *2, (N.D. Cal. August 03, 2010) (granting motion to dismiss where complaint "fails to allege with any specificity what CBYON systems is and how it infringes upon any of its patents."); *Adiscov, LLC v. Autonomy Corp., PLC,* 762 F.Supp.2d 826, 831-32 (E.D. Va. 2011) (dismissing patent infringement complaint and finding that the "legal discovery software and services" allegation in the Complaint was insufficient to put defendants "on notice as to which products or services are the subject of the suit."); *In re Papst Licensing GMBH & Co. KG Litigation,* 602 F.Supp.2d 17, 19-20 (D.D.C. 2009) (holding that allegation of "[u]pon information and belief . . . [defendant] made, used sold or offered to sell . . . digital cameras which infringe the Patents in Suit" was insufficient because it failed "to include any facts in support of [the] bald allegation" of infringement).

Laserdynamics has provided no details concerning what optical discs that Cinram replicates are the accused "dual-layer optical discs" and what aspects of those discs allegedly infringe its claims. Nor does it provide any identification of the allegedly infringed claims of the

patents being asserted. Cinram replicates different types of optical discs that comprise multiple layers of materials and may or may not fall under the broad category of "dual-layer optical discs." The Complaint does not inform what plaintiff means by "layer" and offers no guidance to differentiate between multiple-layer optical discs that are accused as "dual-layer" and multiple-layer discs that are not so accused. As a result, Cinram is left to speculate which of its numerous multiple-layer discs are "dual-layer optical discs" that are accused and what other products or methods, if any, also are accused.[2] In addition, Laserdynamics' allegations are vague and conclusory and insufficient in the absence of an identification of the asserted claims of the patents-in-suit and specificity relating to the allegedly infringing methods utilized by Cinram. This is contrary to the pleading requirements of Fed.R.Civ.P. 8.

It is also contrary to the recent abrogation of Fed.R.Civ.P. 84 and Form 18 for patent infringement complaints and the current patent reform acts before Congress, which do away with mere notice pleading of direct infringement claims.[3] During a recent House Judiciary Committee meeting regarding H.R. 9, the Innovation Act, Mr. Robert Goodlatte (R-VA 6th District) stated that "[t]he bill contains needed reforms to address the issues that businesses of all sizes and industries

---

[2] Disclosure of the facts sufficient to state a plausible claim, including, at a minimum, the identification of the accused products, cannot wait until discovery. Cinram cannot realistically be expected to effectively frame a responsive pleading or prepare a defense to Laserdynamics' deficient Complaint.

[3] Form 18, which provides the bare minimum notice pleading of a patent infringement claim, has been under scrutiny in the wake of *Twombly* and *Iqbal*, and has recently been eliminated by the Supreme Court, where the elimination will be effective as of December 1, 2015, absent intervention by Congress. In *Regeneron Pharmaceuticals, Inc. v. Merus B.V.,* 2014 WL 2795461, at *2-3, 14-cv-1650 (KBF) (S.D.N.Y. June 19, 2014), this Court determined that the *Twombly* and *Iqbal* standards control in this Court, and not Form 18. In any event, the Complaint also fails to satisfy the minimum requirements of Form 18 because it fails to describe the technology employed by Cinram that allegedly infringes the patents-in-suit. *See e.g.*, *Catheter Connections, Inc. v. Ivera Medical Corp.*, No. 2:12-cv-748, 2012 WL 4341743 (D. Utah Sept. 21, 2012).

face from patent troll type behavior . . . ." H. COMM. ON THE JUDICIARY, INNOVATION ACT, S. REP. NO. 120-20, at 2 (2015). Indeed, "[t]o that end, the Innovation Act includes heightened pleading standards, and transparency provisions requiring parties to do a bit of due diligence up front before filing an infringement suit . . . ." *Id.* Similarly, currently pending in the Senate is the PATENT Act, which requires that a party bringing a lawsuit must identify each patent allegedly infringed, each claim in each patent that is allegedly infringed, and each accused product or process that allegedly infringes, along with a description of how the accused product or process allegedly infringes. *See*, PATENT Act, S. 1137, 114th Cong. § 281 A (2015). During a Senate Judiciary Committee hearing on April 29, 2015, Chairman Chuck Grassley (R-Iowa) supported the provisions in the PATENT Act because "frivolous lawsuits cost [companies] millions of dollars and force them to settle despite having a strong defense." http://www.judiciary.senate.gov/meetings/judiciary-committee-members-introduce-bipartisan-patent-act.

Laserdynamics' complaint fails identify with the requisite level of factual detail the particular products or methods that allegedly infringe the patents-in-suit, and the nature of the alleged infringement. It is insufficient under *Twombly* and *Iqbal* and should be dismissed.

### C. Laserdynamics' Allegations Of Induced Infringement Are Deficient

Laserdynamics' allegations do not state a plausible claim for induced infringement under *Iqbal* and *Twombly. See In re Bill of Lading Transmission and Processing Sys. Patent Litigation,* 681 F.3d 1323, 1337-39 (Fed. Cir. 2012) (holding that conclusory unsupported patent infringement complaints do not suffice for pleading indirect infringement in light of *Twombly* and *Iqbal*); *Superior Indus., LLC v. Thor Global Enters. Ltd.,* 700 F.3d 1287, 1295 (Fed. Cir. 2012) ("Form 18 does not determine the sufficiency of pleading for claims of indirect infringement. Rather the

pleading requirements set forth in *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal* apply to such claims.**")**. The entirety of Laserdynamics' induced infringement allegations are set forth in the following paragraph:

> On information and belief, CINRAM also indirectly infringes under 35 U.S.C. §271(b) by way of inducing others, including its customers, to make, use, import, provide, supply, distribute, sell and offer to sell products that infringe one or more claims of the Patents-in-Suit in the United States generally, and in the Southern District of New York in particular. More specifically, on information and belief, CINRAM has knowledge of the Patents-in-Suit, intends to induce its customers to infringe the patents through its sales, offers for sale, and instructions and specifications provided to those customers, including but not limited to those relating to the replication of dual-layer optical discs, and understands that such actions amount to infringement. Also, on information and belief, CINRAM, with knowledge of the Patents-in-Suit offers additional services to induce prospective customers to retain CINRAM for the purpose of replicating infringing products and to practice the infringing methods. On information and belief, end users have used, and continue to use, the dual-layer optical discs in an infringing manner.

(Complaint, D.I. #1, ¶22).

In order to state a claim for inducement of infringement under 35 U.S.C §271(b), Laserdynamics must allege facts showing the existence of direct infringement by Cinram's customers or some other third-party. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). In addition, to plead a claim of induced infringement, Laserdynamics must allege (1) Cinram knowingly and actively aided and abetted the direct infringement by others; and (2) Cinram possessed specific intent to encourage the infringement by others. *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc).* Specific intent to encourage the infringement requires **"**evidence of culpable conduct . . . not merely that the inducer had knowledge of the direct infringer's activities.**"** *Id.* at 1306. Further, **"**the inducer must have an affirmative intent to cause direct infringement,**"** not merely an intent **"**to cause the acts that produce direct infringement.**"** *Id.; see also Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068 (2011) (**"**[I]nduced infringement under §271(b) requires knowledge that the induced acts constitute patent

infringement).    Laserdynamics has failed to plead specific facts to support each of the above-referenced elements of an inducement claim for at least the following reasons.

First, beyond general legal conclusions, none of Laserdynamics' inducement assertions provide any facts regarding what specific products, acts or activity by customers allegedly directly infringes the patents-in-suit.[4]  Because Laserdynamics has failed to allege facts showing "why or how" these unidentified third parties are allegedly direct infringers, its inducement claims should be dismissed. *See  Air Vent, Inc. v. Owens Corning Corp.,* No. 10-cv-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing inducement claims that did "not aver any facts as to why or how ... purchasers or users would be direct infringers").

Second, to satisfy the intent prong of an inducement claim, a patent infringement plaintiff must plead and prove that the accused infringer specifically intended to cause a third party to infringe.  *See  DSU*, 471 F.3d at 1306 ("[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement.   Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement.").  Laserdynamics fails to plead any facts that Cinram had specific intent to encourage its customers' allegedly infringing acts.   Laserdynamics' generic references to the purported provision of unidentified "instructions and specifications provided to those customers, including but not limited to those relating to the replication of dual-layer optical discs" and offer of unspecified "additional services" cannot support any inference of a specific intent to encourage infringement.   Here,

---

[4] At the end of Paragraph 22 of the Complaint, Laserdynamics alleges that "[o]n information and belief, end users have used, and continue to use, the dual-layer optical discs in an infringing manner."  (Complaint, D.I.#1, ¶22).  Not only is this allegation completely disconnected from the prior claims in the Paragraph relating to Cinram's customers, which are not "end-users," but it is not clear "how" such users allegedly infringe the claims of the patents-in-suit, which contain both product and method claims.  Because these allegations do not plausibly suggest a specific element or elements of the claims that may have been practiced, they should fail under *Twombly* and *Iqbal.*

Cinram does not provide instructions to its customers about replication as Cinram itself is the replicator of optical discs. The complaint simply lacks facts concerning how the general provision of unspecified instructions or mere promotion of unspecified (and presumably non-patent related) "additional services" could plausibly mean that Cinram specifically intended for its customers to infringe the patents-in-suit.

Third, Laserdynamics' conclusory statements do not plausibly support a claim that Cinram specifically intended its customers to infringe the patents-in-suit (or even knew that the customers' acts would allegedly constitute infringement). *See e.g., Straight Path IP Grp., Inc. v. Vonage Holdings Corp.,* No. 14-cv-502, 2014 WL 3345618, at *2-*3 (D.N.J. July 7, 2014) (dismissing inducement allegations with prejudice where plaintiff failed "to 'satisfy the rigorous standard of demonstrating that [Defendants] had a specific intent to encourage infringement'"); *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 13-cv-38-JRG, 2014 WL 894805, at *7 (E.D. Tex. Mar. 4, 2014) (granting motion to dismiss inducement claim where allegations "[did] not support an inference of specific intent to induce infringement"); *Intellectual Ventures I LLC v. Bank of Am. Corp.,* No. 3:13-cv-358, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014) ("Plaintiffs merely argued that Defendants advertised the accused products on its website. This argument fails to mention any facts that demonstrate that Defendants specifically intended for their customers to infringe the asserted patent."); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.,* No. 12-cv-366, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (dismissing inducement claim where plaintiff "fails to ... allege any facts that ... [defendant] had the specific intent to induce its customers actions, and knowledge that those actions amounted to infringement"); *Grobler v. Sony Computer Entm't Am. LLC,* No. 5:12-cv-1526, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013) (stating that complaint did not "plausibly support an inference of intent" to cause specific

infringing acts despite factual allegations that defendant "intends its customers to download rental movies").

Accordingly, Laserdynamics' allegations of induced infringement should be dismissed because they are nothing more than legal conclusions, without any comprehensible factual support, and as a result, fail to state a claim for induced infringement that is plausible on its face.

### D.     Laserdynamics Did Not Adequately Plead Willful Infringement

Laserdynamics did not adequately plead "willful infringement" of the patents-in-suit by Cinram under *Twombly* and *Iqbal*.    To prove a claim for willful infringement, a plaintiff must demonstrate infringement,[5] along with the following elements by clear and convincing evidence: (1) "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and (2) that the "objectively-defined risk was ... either known or so obvious that it should have been known to the accused infringer." *In re Seagate, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

"At the pleading stage, a plaintiff alleging a cause of action for willful infringement must 'plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *MONEC Holding AG v. Motorola Mobility, Inc.,* 897 F.Supp.2d 225, 236 (D. Del. 2012).   "The complaint must 'demonstrate [] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *Id.* (internal quotation marks omitted).   Laserdynamics' allegations relating to "willful infringement" are as follows:

> 24.   CINRAM has infringed and continues to infringe despite an objectively high likelihood that its actions constitute infringement of LDUSA's valid patent rights. On information and belief, CINRAM knew or should have known of this

---

[5] Laserdynamics' willful infringement claim also fails because Laserdynamics did not sufficiently plead its claim for direct infringement.

objectively high risk at least as early as its receipt of this Complaint and/or when it became aware of the Patents-in-Suit. Thus, CINRAM's infringement of the Patents-in-Suit has been and continues to be willful.

25. LDUSA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and treble damages under 35 U.S.C. § 284 as well as its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

(Complaint, D.I.#1, ¶¶24-25).

These allegations are wholly insufficient because they fail to include any facts that would support an inference of "objective recklessness" and fail to "demonstrate [] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or so obvious that should have been known." *MONEC,* 897 F.Supp.2d at 236. Laserdynamics pleads no facts linking any alleged pre-suit knowledge of the patents-in-suit to an objectively high risk that they were valid and infringed. *Id.* It also makes no allegation of any intentional or reckless conduct by Cinram. Instead, Laserdynamics claims that Cinram "knew or should have known" of the risk "at least as early as its receipt of this Complaint and/or when it became aware of the Patents-in-Suit." (Complaint, D.I.#1, ¶24). Notice in the form of a lawsuit is insufficient to prove willfulness. *See Seagate*, 497 F.3d 1374 (**"**a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer**'**s pre-filing conduct.**"**). Moreover, to the extent that Laserdynamics is relying on alleged pre-filing conduct (which is not clear from these allegations), mere knowledge of the patents-in-suit does not support any inference of a reckless disregard. *See Aeritas, LLC v. Alaska Air Group, Inc.,* 893 F.Supp.2d 680, 685 (D.Del. 2012) ("the burden to prove willful infringement includes more than mere knowledge of the patent."); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,* 609 F.Supp.2d 1090, 1094 (E.D. Cal. 2009) ("'Willful infringement is not established by the simple

fact of infringement,' even where the accused has knowledge of the patents.") (quoting *Eastman Kodak Co. v. Agfa-Gevaert N.V.,* 560 F.Supp.2d 227, 302 (W.D.N.Y. 2008).

In an apparent admission that Laserdynamics cannot assert the necessary facts to show that Cinram allegedly acted willfully, Laserdynamics reserves the right to seek a willfulness finding and treble damages after **"**discovery on the issue of willfulness.**"** (Complaint, D.I.#1, ¶25). However, **"***Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway.**"** *Realtime Data*, 721 F.Supp.2d at 545; *see also Seagate,* 497 F.3d at 1374 (**"**[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.**"**). Indeed, before Laserdynamics is permitted discovery concerning the alleged willfulness of Cinram**'**s purported infringement of the patents-in-suit, Laserdynamics must allege facts that form its basis for a good faith belief that its claim of willful infringement has evidentiary support. *Iqbal*, 129 S.Ct. at 1950 (**"**Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.**"**).

Accordingly, because Laserdynamics alleges no facts that would allow the Court to draw a plausible inference that Cinram acted with the requisite intent or recklessness to support a claim of willfulness, the Court should dismiss Laserdynamics' claim of willful infringement.

## IV. IN THE ALTERNATIVE, LASERDYNAMICS SHOULD PROVIDE A MORE DEFINITE STATEMENT BECAUSE ITS COMPLAINT IS VAGUE AND AMBIGUOUS

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e).

This Court has "considered Rule 12(e) relief appropriate in patent infringement cases where a [party] has failed to identify any allegedly infringing product or products." *Agilent Techs., Inc. v. Micromuse, Inc.*, 04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723, *14 (S.D.N.Y. October 19, 2004) (granting motion for a more definite statement where plaintiff failed to specify which products infringed its patents). *See also In re Pabst Licensing GmbH Patent Litigation*, MDL 1298, 2001 U.S. Dist. LEXIS 2255, *3-5 (E.D. La. February 22, 2001) (granting motion for a more definite statement where plaintiff alleged infringement but did not specifically identify the allegedly infringing products). Indeed, it has been held that a plaintiff "cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel, regardless of their skill and expertise." *eSoft, Inc. v. Astaro Corp.*, 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336, *4 (D. Colo. July 31, 2006) (granting motion for a more definite statement where the complaint failed to identify any particular product or service that allegedly infringes the patent-in-suit).

For all the reasons set forth above, Laserdynamics' Complaint is vague and ambiguous and falls short of meeting the minimum requirements under the Federal Rules of Civil Procedure for a cognizable cause of action for patent infringement. Accordingly, if Laserdynamics' claims are not dismissed (which Cinram believes they should be), Cinram respectfully requests that the Court

require Laserdynamics to provide a more definite statement identifying specifically the accused products or methods, the claims asserted, and providing facts to support its inducement and willful infringement allegations.

As this is a task that Laserdynamics presumably performed prior to filing suit, it can identify what "dual-layer optical discs" and what features thereof allegedly infringe, the claims alleged to be infringed, and the specific reasons why Cinram allegedly willfully infringes and induces infringement of the patents-in-suit, without shifting its burden of investigation and notice to Cinram. *See View Engineering, Inc. v. Robotic Vision Sys. Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (prior to filing a patent infringement complaint, Rule 11 requires a "law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.").

Accordingly, because the Complaint is wholly insufficient under controlling law, Laserdynamics should be required to cite the specific Cinram "dual-layer optical discs" and features thereof that allegedly infringe, the specific claims Cinram allegedly infringes, and detailed facts to properly support its inducement and willful infringement allegations -- facts that Laserdynamics should have ascertained in good faith in its pre-suit investigation and should have alleged in its Complaint to thereby give Cinram proper notice of the alleged infringement so it can fairly meet its burden to respond to the Complaint.

## V. CONCLUSION

Accordingly, for all the reasons set forth above, Laserdynamics' Complaint falls short of meeting the requirements under *Twombly* and *Iqbal* for a cognizable cause of action for patent infringement and should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In the alternative, Cinram respectfully requests the Court to order Laserdynamics to provide a more definite statement identifying the specific Cinram "dual-layer optical discs" that allegedly infringe, the particular claims Cinram allegedly infringes, and detailed facts to properly support its inducement and willful infringement allegations.

Respectfully submitted,

Date:  July 14, 2015                   COOPER & DUNHAM LLP

By: /s Tonia A. Sayour/ 
    Ivan S. Kavrukov  (IK 4452)
    Tonia A. Sayour (TS 7208)
    30 Rockefeller Plaza
    New York, New York 10112
    Tel:  (212) 278-0400
    Fax: (212) 391-7550

    Attorneys for Defendant
    Cinram Group, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 14th day of July, 2015, the foregoing **DEFENDANT CINRAM GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(e)** was filed using the CM/ECF system and served by email, upon counsel of record for the interested parties, as identified below. Notice of this filing will be sent to the following counsel of record for the interested parties by operation of the Court's electronic filing system:

> Dmitriy Kheyfits
> dkheyfits@kheyfitsmaloney.com
> Michael James Maloney
> mmaloney@kheyfitsmaloney.com
> KHEYFITS & MALONEY LLP
> 1140 Avenue of the Americas
> 9th Floor
> New York, New York 10036

>   /s Tonia A. Sayour /
> Tonia A. Sayour